CHICAGO, B. & Q. R. Co. v. A. J. GUSTIN.

[FILED JUNE 30, 1892.]

1. **Justice of the Peace:** PLEADING: APPEAL. Where an action is brought before a justice of the peace the plaintiff is required to file a bill of particulars of his demand, and the defendant, if required by the plaintiff, his agent or attorney, shall file a like bill of the particulars he may claim as a set-off. These are the only pleadings required in an ordinary action before a justice of the peace. Where such action is appealed to the district court, and the answer contains new matter, the plaintiff may follow the procedure in the district court and reply to such new matter.

2. **Evidence:** BILL OF LADING *held* to have been properly admitted in evidence.

3. ———. There was no conflict in the evidence as to the character of the goods and that they belonged to the fourth class.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*T. M. Marquett,* and *J. W. Deweese,* for plaintiff in error:

The reply should have been stricken from the files. (*O'Leary v. Iskey,* 12 Neb., 136; *Courtnay v. Price,* Id.,

189; *Dillon v. Russell,* 5 Id., 488; *Williams v. Evans,* 6 Id., 218; Maxwell, Pl. & Pr., 108; *Durbin v. Fisk,* 16 O. St., 534.) As to other points: *Savage v. Aiken,* 21 Neb., 610; *Moore v. Besse,* 30 Cal., 570; *Smith v. Weage,* 21 Wis., 442; *Harris v. Harris,* 10 Id., 468; *Vaughn v. R. Co.,* 9 Am. & Eng. R. Cas. 41; *Hill v. R. Co.,* Id., 21; *Sumner v. R. Co.,* Id., 18; *Little Rock R. Co. v. Daniels,* 32 Id., 479; *Galveston R. Co. v. Kutac,* 37 Id., 470.

*C. G. Dawes, contra,* cited:

As to the character of a bill of lading: Lawson, Cont. of Carriers, par. 102; *Cincinnati, etc., R. Co. v. Pontius,* 19 O. St., 221; *White v. Van Kirk,* 25 Barb. [N. Y.], 16; *Wolfe v. Myers,* 3 Sandf. [N. Y.], 7; *Maghee v. Camden,* 45 N. Y., 514; *Manhattan Oil Co. v. R. Co.,* 54 Id., 197; *Judson v. R. Co.,* 6 Allen [Mass.], 486; *Mich. Cent. R. Co. v. Hale,* 6 Mich., 243. Admission of bill of lading in evidence: *Neally v. Greenough,* 5 Fost. [N. H.], 325; *Didier v. Auge,* 15 La. An., 398.

Maxwell, Ch. J.

The defendant in error brought an action in replevin against the plaintiff in error, in the county court of Lancaster county, to recover the possession of certain goods. The case was appealed to the district court, and as a point is made on the pleadings, it becomes necessary to set them out. The petition is as follows:

"The above named plaintiff complains of the above named defendant, and for cause of action says that he is the owner of, and entitled to the immediate possession of, the following described goods and chattels, to-wit: one box of iron castings, of a weight of 125 pounds, of the value of $15; that the said defendant wrongfully and unlawfully detained the said goods and chattels from the possession of the said plaintiff, and has detained the same as aforesaid

for the space of two days, to plaintiff's damage in the sum of $50; that said goods were not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine, or amercement assessed against him, or by virtue of any order of delivery issued under the chapter of the Code of Civil Procedure providing for the replevin of property, or on any other *mesne* or final process issued against the said plaintiff.

"Wherefore the said plaintiff prays judgment against the said defendant that he, the said defendant, do return to the said plaintiff the said goods and chattels so unlawfully detained, and for the said sum of $50, his damages so as aforesaid sustained by reason of said unlawful detention, or for said sum of $15, the value of said property, with damages as aforesaid, in case it shall be found that a return thereof cannot be had."

To this petition the defendant below filed an answer as follows:

"Now comes the defendant above named, and for answer to the petition filed by the plaintiff, denies that he is the owner and entitled to the immediate possession of the property described in said petition, and denies that the defendant wrongfully and unlawfully detained the same for the time mentioned in the plaintiff's petition or for any other time, and denies that the plaintiff is damaged.

"Further answering the said petition, the defendant says that it is a common carrier, owning and operating a line of railroad from the city of Chicago, westwardly, through Illinois, Iowa, and through the town of Lincoln, Nebraska; that at the station of Wann, in the state of Illinois, on defendant's line of road, it received for shipment, in the regular course of business as a common carrier, one box of saddlery hardware weighing 125 pounds, consigned by the Eberhard Manufacturing Company to the plaintiff, A. J. Gustin, at Lincoln, Nebraska, the same being the goods and chattels mentioned in the plaintiff's petition, and the

said defendant carried the said freight from the said town of Wann, in the state of Illinois, to the city of Lincoln, Nebraska, for the plaintiff above named, and having thus carried the same for the plaintiff as a common carrier, the defendant had and has a lien upon and especial property in the said bill of freight thus carried for the freight charges due for the said carriage and shipment, and this defendant had such lien upon and especial property in the said freight described in plaintiff's petition at and prior to the time of the commencement of this action.   The defendant therefore alleges that it had the lawful possession and lawful right to hold possession of the same until the freight charges for the said shipment were duly paid."

"The defendant denies each and every allegation contained therein, except as hereinbefore stated and admitted."

To this answer Gustin filed a reply as follows:

"Now comes plaintiff, A. J. Gustin, and for reply to answer of defendant denies each and every allegation therein contained, except as hereinafter stated and qualified, to-wit: That said defendant is a common carrier, operating a line as stated in said answer; that it received at Wann, Illinois, a box of iron castings consigned by the Eberhard Manufacturing Company to the plaintiff. Plaintiff particularly denies the allegations of said defendant that said box contained saddlery hardware, but alleges and avers that it contained iron castings.   Plaintiff further admits that said box of iron castings was carried by said defendant to Lincoln, state of Nebraska."

The railway company thereupon filed a motion to strike the reply from the files, because it raised a new issue, no reply having been filed in the county court.   The motion was overruled and this is the first error complained of.

Section 951 of the Code provides for the filing of a bill of particulars of the plaintiff's demand, and the defendant, when required by the plaintiff, his agent or attorney, must file a like bill of the particulars he may claim as set-

C., B. & Q. R. Co. v. Gustin.

off, and it is declared that "the evidence on the trial shall
be confined to the evidence set forth in said bills." Sec-
tion 952 provides for the amendment of the bills of partic-
ulars. These are all the pleadings required in an ordinary
action before a justice of the peace, and as this action was
properly recognizable before a justice, the same procedure
would prevail in the county court as if the action had been
tried in a justice court. There was no error, therefore,
in overruling the motion.

Second—The plaintiff below offered in evidence the
following bill of lading:

"12–14–86–150 M.     Form 71.

"CLEVELAND, COLUMBUS, CINCINNATI & INDIANAPO-
LIS RY. CO.

"EDGAR HILL, Gen'l Freight Agent, Cleveland, O.
"A. S. WHITE, Assist. Gen'l Freight Agent, Cleveland, O.

| This bill of lading to be presented by consignee without alteration or erasure. | CLEVELAND, O., 9–8, 1888. Received from the Eber-hard Manf. Co., in apparent good order, except as noted, the packages described below (contents and value un-known), marked and con-signed as per ———. |
|---|---|
| . MARKS, CONSIGNEE, ETC. | |
| A. J. Gustin, Lincoln, Neb. | |
| This bill of lading contracts rates from —— to Wann, Ill., via ——, at 25c per lot, and charges advanced at $——. | |

One box iron castings ........... ...................... ......... $1 25
(Printed across the end: "C., C., C. & I. Ry. Gen'l
Freight F. A., Pivi Sch. 8, 1888. E. L. Campbell, per
——— B. This stamps receipts for freight but not for
rates. Rate, 292 pr. 100 lbs. Wann, Ill., to Lincoln,
Neb. Guaranteed by Western road.")
which the C., C., C. & I. Ry. agrees to transport with as
reasonable despatch as its general business will permit to
destination, if on its road, or otherwise to the place on its
road where the same is to be delivered to any connecting

carrier, and there deliver to the consignee or to such connecting carrier upon the following *terms* and *conditions*, which are hereby agreed to by the shipper, and by him accepted as just and reasonable, and which are for the benefit of everyone over whose line said goods are transported:

"1st. Neither this company, nor any other carrier receiving said property to carry on its route to destination, is bound to carry the same by any particular train, or in time for any particular market, and any carrier in forwarding said property from the point where it leaves its line is to be held as a forwarder only.

"2d. Neither this company nor any such other carrier shall be liable for any loss of or damage to said property by dangers or accident incident to railroad transportation, or by fires or floods while at depots, stations, yards, landings, warehouses, or in transit. And said property is to be carried at owner's risk of leakage, breakage, chafing, loss in weight, or loss or damage caused by changes in weather, or by heat, frost, wet or decay, and if any portion of its route to destination is by water, of all damages incident to navigation.

"3d. Responsibility of any carrier shall cease as soon as said property is ready for delivery to next carrier or to consignee, and each carrier shall be liable only for loss or damage occurring on its own line, and in case of loss or damage to such property for which any carrier shall be responsible, its value or cost at time and place of shipment shall govern settlement therefor, unless a value has been agreed upon with shipper or is determined by the classification upon which the rate is based, in which case the value so fixed by agreement or classification shall govern; and any carrier liable on account of loss of or damage to such property shall have the benefit of any insurance effected thereon by or on account of the owner or consignee thereof.

"4th. Such property shall be subject to the necessary cooperage and baling at owner's cost; and if the owner or

consignee is to unload said property, the delivering carrier may make a reasonable charge per day for the detention of any car after the same has been held twenty-four hours for unloading, and may add such charge to the freight due and hold said property subject to a lien therefor."

\* \* \* \* \* \* \*

This bill was objected to, for the reason that there was no evidence of its authenticity and because the company could not bind the C., B. & Q. Railway Company. These objections were overruled and the bill received.

It will be observed that the answer of the railroad company admits receiving at Wann, Illinois, a box of saddlery hardware weighing 125 pounds; admits in effect all that is claimed in the petition, except that they do not wrongfully withhold the same, and it alleges that the hardware is a kind classified as No. 2 in the schedule. There was no error in admitting the bill of lading, therefore. In a case of this kind, where the employment is not denied, it is probable that the bill is *prima facie* admissible in evidence, and a denial of its genuineness must be made by the adverse party to require proof on the point, but it is unnecessary to determine that point. It appears from the testimony that goods are not infrequently labeled improperly. Thus, common hardware in boxes is placed in the fourth class, while saddlery hardware is classified as No. 2; that the companies have inspectors to open the packages and place the goods in the proper class; that in this instance the inspector opened the box, which was filled with japanned iron rings, and, as Mr. Gustin had been engaged in the saddlery business, he at once seems to have assumed that the rings were designed for that business, and at once classified the goods as No. 2, the freight on which is eighteen cents per hundred. It is clearly shown that the rings are a new patent designed for a neck yoke for horses, and in no way connected with saddlery hardware. Upon this point there is practically no dispute, so that the classifi-

cation No. 4 is correct, and the rates as shown by the schedule are less than sixty-two cents per hundred, and as Mr. Gustin had offered to pay that sum, he was entitled to recover. *There is no error in the record, and the judgment is

AFFIRMED.

THE other judges concur.