IN RE ESTATE OF MARGARET NORMAND.

JAMES F. NORMAND ET AL., APPELLANTS, V. LEVI NORMAND, APPELLEE.

FILED MARCH 16, 1911.   No. 16,348.

1. **Courts:** COUNTY COURTS: APPEAL: TRIAL DE NOVO. When an action is appealed from a justice of the peace or the county court to the district court, it is to be tried *de novo* in the district court; this rule applies in probate proceedings.

2. ——: ——: ——: PLEADING. In such case the plaintiff may reply to an answer that alleges new matter in defense. In ordinary cases the district court may require issues to be made up and tried as in original actions begun in that court.

3. **Wills:** PROBATE: APPEAL: PLEADING. Upon appeal to the district court of a contest of probate of a will, if the parties agree that the cause shall be tried upon the original pleadings in the county court, and the court so orders, the contestants are not entitled to judgment upon the pleadings for want of a reply to objections filed in the county court. Under such an agreement of counsel the allegations of new matter, if any, in the objections to probate will be considered in this court as denied by the proponent.

4. ——: ——: EVIDENCE: TESTAMENTARY CAPACITY. When one of two subscribing witnesses to a will is deceased, and the other subscribing witness upon a trial of contest of probate of the will testifies to facts showing that the will was duly executed by the testatrix, but fails to testify as to the capacity of the testatrix, that fact may be established by other competent witnesses.

5. **Witnesses:** ATTORNEY AS WITNESS. When matters important to the litigation are peculiarly within the knowledge of the attorney

conducting the litigation, and there is danger of a failure of justice for want of such evidence, the attorney is justifiable in becoming a witness, and his testimony, if material and otherwise competent, will not be disregarded because he himself framed the questions to which his answers were given, when it appears that the most material part of his testimony was given in answer to questions propounded by the trial judge without objection at the time.

APPEAL from the district court for OTOE county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*John C. Watson,* for appellants.

*D. W. Livingston, contra.*

SEDGWICK, J.

The will of Margaret Normand, deceased, was entered for probate in the county court of Otoe county, and from an order of that court admitting it to probate an appeal was taken to the district court for that county. Upon trial in that court a judgment was entered admitting the will to probate, from which judgment the contestants have appealed.

1. The first question presented is one of practice. In county court the contestants filed an objection to the probate of the will. When the case was docketed in the district court, no new pleadings were filed by either party, and an order was entered upon the journal that "this cause is set for trial on the original pleadings, by agreement of the parties." A few days afterwards the contestants filed a motion in the district court "that a judgment absolute be given by the court on the pleadings in favor of the contestants and against the proponent, because there is no reply filed to the answer and objection of the contestants." This motion was overruled, and the contestants excepted to the ruling thereon. A jury was impaneled, and the case proceeded to trial. The contestants thereupon objected to the introduction of any testimony

on the part of the proponent, "because the allegations in the answer are not denied or controverted." This objection was overruled and an exception entered. The contestants now insist that they were entitled to a judgment denying the probate of the will, because the allegations of their answer, not being denied by reply, were admitted.

When an action is appealed from a justice of the peace or from the county court to the district court, it is to be tried *de novo* in the district court, and this rule applies to appeals in probate proceedings. *Prante v. Lompe*, 77 Neb. 377. In such cases the plaintiff may reply to an answer which alleges new matter in defense. *Chicago, B. & Q. R. Co. v. Gustin*, 35 Neb. 86. This is the usual practice, and no doubt the trial court may require it to be followed in all ordinary cases. The objection filed by the contestants in the probate court, and which was treated by all parties as the answer in the district court, alleges six grounds of objection. "First. Said instrument is not executed as required by law. Second. Said instrument is not properly attested. Third. Said Margaret Normand, at the time alleged in said instrument, was not possessed of sufficient mental capacity to make a will, by reason of old age and ill health. Fourth. Said instrument was executed by said Margaret Normand by reason of improper and undue influence exerted upon her by Levi Normand, who is a devisee under said will, and said will is not the will of Margaret Normand, but of said Levi Normand. Fifth. The proceeding to probate said will was not published as required by law. Sixth. Said instrument is drawn contrary to law." The proponent by offering the will for probate necessarily alleges that the instrument is executed as required by law; is properly attested; and that the testator was of sufficient capacity to make a will. It will be seen that all of the objections entered to the probate are merely denials of the plaintiffs' allegations, unless it be the fourth objection. The allegation in the fourth objection, that the instrument was executed "by reason of improper and undue influence ex-

52

erted upon her by Levi Normand," is the only affirmative matter contained in the so-called answer. We think under these conditions it is not necessary to determine whether this allegation is a mere conclusion of law, or is a sufficient allegation of fact to constitute a defense against the probate of the will. It seems clear that, the parties having agreed to try the case upon the issue as presented in the lower court and certified to the district court, they cannot be heard now to object to that procedure. The probate court, upon such pleadings and without objection by either party, would properly have heard the evidence produced by both parties, and after appeal to the district court we think that it is clear that the parties might agree to so try the case in the district court, and, having so agreed, the motion of contestants for judgment because no reply was filed was properly overruled.

2. It is contended that the evidence is not sufficient to justify admitting the will to probate. The contestants offered no evidence. It appears that there were two witnesses to the will, and that at the time of the trial in the district court one of the witnesses was deceased. The other witness testified upon the trial. He testified that he signed the will as a witness in the presence of the testatrix, at her request, and in the presence of the other signing witness, and that she then declared the instrument to be her will. He did not testify that the testatrix was at that time of sound mind and competent to make a will. The lawyer who drew the will, and was also present at the time of its execution, testified as a witness upon the trial. If his evidence was competent, it is sufficient, with the other evidence offered, to admit the will to probate. His evidence is objected to as incompetent for two reasons. The statute provides: "If no person shall appear to contest the probate of a will at the time appointed for that purpose, the court may, in its discretion, grant probate thereof on the testimony of one of the subscribing witnesses only, if such a witness shall testify that such will was executed in all the particulars as required in this

chapter, and that the testator was of a sound mind at the time of the execution thereof." Comp. St. 1909, ch. 23, sec. 141. The next section provides: "If none of the subscribing witnesses shall reside in this state at the time appointed for proving the will, the court may, in its discretion, admit the testimony of other witnesses to prove the sanity of the testator and the execution of the will, and, as evidence of the execution of the will, may admit proof of the handwriting of the testator, and of the subscribing witnesses." The objection, as we understand it, is that, as one of the subscribing witnesses was present and testified, and did not testify that "the testator was of sound mind," as provided in section 141, the court was not authorized to admit the will to probate. This is not the meaning of the section. If there is no contest, the uncontradicted evidence of one of the subscribing witnesses, testifying to all of the particulars which are required, may be sufficient without any other testimony, but it is not the intention of the statute to make the testimony of the subscribing witnesses the only competent testimony for that purpose. It might happen that none of the subscribing witnesses was able to testify as to the mental condition of the testator, and in such case, the due execution of the instrument having been proved, there is no doubt that the competency of the testator might be established by other witnesses.

The second objection is that the witness who testified to the competency of the testator was the attorney for the proponent who conducted the trial in his behalf. It is objected that when an attorney is interested in a matter of litigation it is unprofessional for him to become a witness in the litigation which he is managing and testify to important matters upon which the interest of his client must depend, and that for this reason the testimony of this witness ought to be disregarded. It sometimes happens that matters important to the litigation are peculiarly within the knowledge of the attorney conducting the litigation. When there is danger of a failure of jus-

tice for want of such evidence, the attorney is justifiable in becoming a witness. Such practice has been not uncommon in the trial courts of this state, and has never been considered unprofessional. This witness, as already stated, drew the will in question, and he was also present at its execution and was personally well acquainted with the testatrix. His evidence upon the vital issue mentioned was in answer to questions by the trial judge, and these questions were asked and answered without objection at the time. There was no objection to his testifying as a witness in the case, and we think his evidence was competent.

We have found no error in the record calling for a reversal, and the judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.