Cox v. Kee.

J. L. COX, APPELLANT, V. H. P. KEE, APPELLEE.

FILED FEBRUARY 16, 1922.     No. 21963.

1. Evidence examined, and *held* sufficient to support the verdict.

2. Attorney and Client: ATTORNEY AS WITNESS. An attorney is a competent witness for his client, and he may properly testify to mere formal matters, such as to account for the possession of an exhibit, or the like. But if he testifies generally, it is unbecoming for him to examine witnesses, or to address the jury.

3. Appeal: WITNESSES: REVIEW. In order to predicate error upon a ruling of the court refusing to permit a witness to testify, or to answer a specific question, the record must show an offer to prove the facts sought to be elicited.

APPEAL from the district court for Antelope county: WILLIAM V. ALLEN, JUDGE. *Affirmed.*

O. J. Frost, Williams & Kryger, Lincoln Frost and J. W. Kensinger, for appellant.

*Jackson & Rice* and *Fred H. Free, contra.*

Heard before MORRISSEY, C. J., ROSE and ALDRICH, JJ., HOBART and PAINE, District Judges.

MORRISSEY, C. J.

February 28, 1916, defendant executed his promissory note for the sum of $3,786.80 payable March 1, 1917, with interest, payable to J. L. Cox and W. H. Cox. April 18, 1918, W. H. Cox died testate. Plaintiff's petition alleges the loss of the note after the same became due. Defendant's answer admits the execution and delivery of the note, but alleges that he paid the same on or about May 10, 1917, to W. H. Cox, one of the payees. The question of payment was thereby presented for the determination of the jury. From a verdict and judgment in favor of defendant, plaintiff appeals.

It is alleged that the verdict is not sustained by sufficient evidence. Under the circumstances the burden of proof was upon defendant. He testified in his own behalf and detailed the circumstances surrounding the alleged payments, and his testimony is corroborated in the main by disinterested witnesses. The weight to be given to the testimony of these witnesses was for the jury and we cannot disturb the verdict for lack of evidence to support it.

There is the further assignment that the court erred in refusing to permit one of plaintiff's counsel to testify generally as a witness in rebuttal unless he withdraw from the case as counsel. After defendant had rested, the attorney, who up to that period had actively conducted the trial for plaintiff, offered himself as a witness, whereupon the court stated that the attorney might testify generally as a witness, but, if so, he "must withdraw from the case as counsel, the plaintiff being represented by Mr. Williams of the firm of Williams & Kryger." Plaintiff excepted to the ruling, and to the language of the court. The court then stated that he had no "desire to influence the jury in the slightest de-

gree on the evidence, but this practice of lawyers swearing generally in cases is unprofessional and must stop in this court." Plaintiff excepted to this statement by the court.

The attorney appears to have been unwilling to accept the alternative offered by the court and without making any offer of testimony continued to conduct the trial. It is argued by appellant that there is no statute disqualifying an attorney as a witness; that no rule of law prohibits the attorney of a litigant from testifying; and that there are often cases in which it may be quite important, if not indispensable, that such testimony be admitted. In support of this contention appellant cites *In re Estate of Normand,* 88 Neb. 767, wherein it is said: "It sometimes happens that matters important to the litigation are peculiarly within the knowledge of the attorney conducting the litigation. When there is danger of a failure of justice for want of such evidence, the attorney is justifiable in becoming a witness. Such practice has been not uncommon in the trial courts of this state." We question whether the citation given fully sustains the point sought to be made by appellant. A careful study of the language used in *In re Estate of Normand, supra,* shows that the court meant to sanction the practice of attorneys testifying for their clients only when matters important to the litigation were peculiarly within the knowledge of the attorney and when without ·such evidence there was danger of a failure of justice. In that opinion it is also pointed out that the material part of the attorney's testimony was given in answer to questions propounded by the trial judge without objection by the other party.

We are cited to Jones on Evidence (2d ed.) sec. 754. However, section 754, 4 Jones, Commentaries on Evidence, gives a much fuller discussion of the subject than is found in the second edition. In the later edition it is said: "There is no rule of law which prohibits the attorney of a party prosecuting or defending in a civil

action from testifying at the call of his client. In some cases it may be unseemly, especially if counsel is in a position to comment on his testimony; and the practice has often been severely criticised by the courts. It is a matter which should appeal to the professional pride of an attorney and his sense of his true position and duty."

In *Stones v. Bacon,* 11 Jurist (Q. B. Eng.) pt. 1, p. 44, the writer of the opinion said: "I shall take the general ground, that, where an attorney acting as advocate, cross-examines witnesses and addresses the jury, it is not fit he should be heard as a witness."

While the general rule in this country may not go to the full extent of the English rule quoted, nevertheless, except as to mere formal matters, such as to account for the custody of an exhibit, or the like, it has long been regarded by the courts, and by the profession generally, as improper practice for an attorney to cross-examine witnesses, address the jury, and give evidence himself to contradict witnesses. *Frear v. Drinker,* 8 Pa. St. 520; *Alger v. Merritt,* 16 Ia. 121. It is a practice which as far as possible should be discountenanced by the courts and it ought not to be indulged in by counsel. Experience has shown, however, that it is sometimes indispensable to justice that an attorney give evidence for his client. In such cases the most ethical course for counsel to pursue is that suggested by the trial court, viz., that counsel step aside and leave other counsel to conduct the trial. This is especially true where, as in the instant case, other capable attorneys are associated and the interests of the litigant will not be jeopardized by the withdrawal of the attorney who offers himself as a witness.

There is an assignment relating to the ruling of the court on an objection to a question propounded to plaintiff. The objection was sustained and the witness was not permitted to answer. As in the case of the attorney who was offered as a witness, no offer of testimony was made, and we are not able to say whether the evidence

sought to be elicited was relevant or material, and, in the absence of such offer, the rulings of the trial court will not be reviewed. *Blondel v. Bolander,* 80 Neb. 531; *Nebraska Telephone Co. v. Jones,* 60 Neb. 396.

The record is free from error, and the judgment is

AFFIRMED.