ELDO STORBECK, Appellant, v. CELIA FRIDLEY et al., Appellees.

No. 47384.

(Reported in 38 N. W. 2d 163)

JUNE 14, 1949.

Hart & Hart, of Elkader, for appellant.

L. J. Ehrhardt, of Elkader, for appellees.

HALE, C. J.—August F. Storbeck died in Clayton county, October 6, 1946, his only heirs being the plaintiff, Eldo Storbeck, and the defendant, Celia Fridley, son and daughter. His will, executed October 22, 1945, left all his property to his daughter, Celia Fridley, and appointed her executrix of the will which was admitted to probate on October 14, 1946.

Decedent Storbeck was committed to the Independence State Hospital for insane on February 14, 1946, and he was kept in that institution until he died October 6, 1946.

On December 17, 1946, plaintiff-contestant filed a petition in the district court to set aside the order of probate and that such order be declared null and void and not the will of the deceased. The grounds alleged in such petition were lack of mental capacity and undue influence of defendant. The answer

of defendant-proponent was a denial and the cause was submitted to a jury on the issue of mental unsoundness only. Verdict for the defendant, and plaintiff appeals alleging various errors and irregularities in the trial.

■ I. Plaintiff charges that the court erred in holding that there was sufficient evidence to sustain the jury's verdict. He urges that there must be a fact foundation for a lay witness' testimony that deceased was sane or competent. Citing Conway v. Murphy, 135 Iowa 171, 112 N. W. 764, a guardianship case which holds that the *value* of the opinion expressed by a witness depends upon the support it has and the facts testified to by the witness. This is the rule universally recognized.

The case of Mileham v. Montagne, 148 Iowa 476, 125 N. W. 664, 666, cited by plaintiff, does not support plaintiff's argument. Of course the value of the testimony of a lay witness depends upon the facts testified to by him, but the opportunity for observation and the extent of the transactions with the person under inquiry, even if limited, does not prevent the witness from testifying to his sanity if there is such opportunity. But a lay witness may testify to unsoundness of mind only after stating sufficient facts to support his conclusion. The lay witnesses in the present case were a number of acquaintances and neighbors. See Neidermyer v. Neidermyer, 237 Iowa 685, 22 N. W. 2d 346; In re Estate of Mott, 200 Iowa 948, 205 N. W. 770; In re Estate of Hanrahan, 182 Iowa 1242, 166. N. W. 529; In re Estate of Cooper, 196 Iowa 116, 194 N. W. 218. The witnesses had opportunity for observation and had more or less contact with decedent.

■ II. Plaintiff urges that the expert witnesses in the case were disqualified. We cannot agree with this contention. One assailed, Dr. H. M. Anderson, had attended the deceased as a physician from September to December 1945, and testified as to his condition. This witness was a regularly qualified physician. A regular practicing physician is usually regarded as qualified to give an opinion on the mental condition of a patient. See Miller v. Miller, 237 Iowa 978, 23 N. W. 2d 760, citing Monahan v. Roderick, 183 Iowa 1, 166 N.W. 725; In re Harmsen, Iowa, 167 N. W. 618. Plaintiff further cites Tracy v. City of Mt. Pleasant,

165 Iowa 435, 146 N. W. 78, 148 N. W. 637, which was a condemnation case, and an expert from another state was not permitted to testify to the value of land; also, Boyles v. Cora, 232 Iowa 822, 6 N. W. 2d 401. These cases do not tend to bear out plaintiff's contention. We find no error here.

III. Plaintiff assigns as error the action of the court in permitting defendant to introduce evidence inadmissible because of lack of foundation. The defendant objects to the manner in which plaintiff in his brief assigns the error, charging that this was a blanket assignment. However, reference is made by plaintiff to Rule 344(a)(4), Rules of Civil Procedure, and plaintiff appears to have complied sufficiently with that rule as to show the manner in which the alleged error arose and the ruling of the trial court. We shall consider certain specific objections.

Plaintiff argues that the court erred in permitting, over plaintiff's objection, the introduction of Exhibit 7 which was a purported prior will of the deceased. This instrument was dated in May 1928. It did not conform to the will in controversy and testator's property was differently devised and bequeathed.

Defendant cites various cases in support of the court's ruling, none of which exactly conforms to the situation here. However, various cases are cited under the annotations in 82 A. L. R. 964, in which the editorial comment is:

"Where the issue is testamentary capacity, it is generally held that former wills executed by the testator are admissible in evidence when they were made at a time as to which his competency is unchallenged, and when they are in substantial conformity with the provisions of the contested will. Such evidence shows that the testator had a constant and abiding scheme for the distribution and disposal of his property, and thus tends to refute a charge of want of testamentary capacity."

And on page 966: "Former wills of the testator made at a time when his capacity is unquestioned, and which contain provisions inconsistent with the will in question, may be admitted on behalf of the contestant in support of an allegation of testamentary incapacity."

IV. The will offered here, however, was not inconsistent

with the provisions of the will in controversy if we consider the changes and circumstances among all the parties from 1928 on to the execution of the second will. At the time of the execution of the first will decedent's wife was living, but subsequently the wife and one of his sons died. In a sense, the first will may be said to conform to his intention of making provision for his family. There was no such inconsistency as to show a marked change mentally, nor was there anything to indicate that he was not of sound mind at the time of the execution of the first will. We find no error in the admission of this prior will.

Plaintiff also alleges that the court was in error in denying him the right to cross-examine defendant's expert witnesses in regard to material matters connected with the direct examination. The objection refers to plaintiff's cross-examination of an expert witness of the defendant when the plaintiff asked such witness whether, if the question had included other matters to which the plaintiff called his attention, his answer would have been the same. The court sustained an objection to that question on the ground that it was not a proper statement of the record—not confined to the record.

The court is given wide discretion in the admission of evidence on cross-examination, yet that discretion is not unlimited. Hoffman v. Cedar Rapids & M. C. Ry. Co., 157 Iowa 655, 139 N. W. 165, Ann. Cas. 1915C 905. See also Ewing v. Hatcher, 175 Iowa 443, 450, 154 N. W. 869; Taylor, Admr. v. Star Coal Co., 110 Iowa 40, 81 N. W. 249.

Considerable latitude is given, however, to the cross-examination of expert witnesses in that it is not necessary that the examiner confine himself to the facts established in the case. See In re Estate of Austin, 194 Iowa 1217, 191 N. W. 73; In re Will of Bever, 93 Iowa 576, 61 N. W. 1072; Madsen v. Obermann, 237 Iowa 461, 468, 22 N. W. 2d 350, and cases cited; Dean v. State, 211 Iowa 143, 151, 233 N. W. 36, and cases cited, including Glassman v. Chicago, R. I. & P. R. Co., 166 Iowa 254, 147 N. W. 757.

It is stated in the Dean case that the trial court has the discretion in such matters (the extent of cross-examination), but it has been said in some of the cases that only after the

right of cross-examination has been substantially and fairly exercised, its allowance becomes discretionary. In the case at bar the holding of the majority of the court is that there was no reversible error in sustaining the objection to the question on cross-examination as above set out, for the reason that the question itself was confusing and that many of the matters included in the cross-examination were directly contrary to the matters asked in direct examination, and that the question was almost unintelligible. The reason given by the district court for excluding the answer to the question was that the question was asked about matters not within the record. This reason may have been wrong, but the ruling of the district court was right. The majority of the court hold, a holding with which the writer does not agree, that the court did not abuse its discretion considering the circumstances and the form of the question, so as to be prejudicial or to require reversal.

V. Plaintiff argues, when the evidence shows deceased was suffering from a disease of the mind of a permanent and progressive nature, party alleging sanity has the burden of proof. Citing In re Estate of Jones, 130 Iowa 177, 106 N. W. 610; In re Will of Bever, supra.

The Jones case does not hold as claimed, but an instruction is criticized which tends to hold that the burden had shifted. All that the Bever case holds is that when general mental unsoundness is shown the burden is upon proponents to show that the will was made when the testator was of sound mind.

In a will contest the burden does not shift throughout the trial. If a satisfactory showing is made that the disease of the mind is of a progressive or permanent nature the burden of proof does not shift, but a presumption arises that said condition continues and the effect of said presumption is merely to shift the duty of going forward with the evidence to overcome such presumption. See 20 Am. Jur., Evidence, sections 131 and 132, page 134.

VI. Plaintiff claims that the court erroneously refused to instruct that the former court order admitting the will to probate should not be considered by the jury, when the instructions informed the jury that the will had been admitted to pro-

bate. We fail to find error here. Nor do the cases cited support plaintiff's contention.

The admission to probate was not a point of contention. There was no denial of the fact, nor was it an essential element in the case. The point in issue was clearly stated by the court and the only question before them was as to the mental condition of the decedent at the time of the execution of the will. We see no prejudice in the refusal to instruct.

VII. Defendant alleges in argument that if any error had been committed in this case it would be immaterial for the reason that the court should have directed a verdict in favor of defendant at the close of all the testimony. It is asserted in the record that there was a motion to direct a verdict which was overruled by the court, but the record fails to set out the nature or the form of this motion. However, we think from an examination of the record that the evidence introduced was sufficient to constitute a question for the jury. There was evidence admitted as to the condition of mind of the decedent by physicians— one of whom not only testified to hypothetical questions, but one who had made personal examination of the decedent shortly after the execution of the will.

VIII. Plaintiff complains of the conduct of E. L. Gross, attorney, and assigns as error the action of the court in relation thereto. Gross was an attorney of record throughout the progress of the trial and took an active part therein. After other testimony of the witnesses for the defense had been received, Mr. Gross made the following statement in the presence of the court and jury:

"At this time, Your Honor, I would like to formally withdraw my appearance in this case in order to testify as a witness. I would like the record to show that I do hereby withdraw my appearance as counsel in this case."

This was followed by an objection by plaintiff to the testimony which he was about to give for the reason that the witness, until two minutes previous, had been an active attorney in the case and simply to withdraw his personal appearance now would be an improper line of examination and the witness would be

incompetent to give any kind of testimony after he had been acting as one of the active counsel. This objection was overruled.

Counsel then proceeded to testify in regard to interviews with the decedent—to a conversation relative to changing his will, and to what the decedent said at the time, and proceeded to talk of other interviews and actions of the decedent and the circumstances of the execution of the will, and as to what the testator had said to him at that time. He further testified to some interviews with the testator after the execution of the will, and as to conversations, and he further stated his opinion that the decedent was of sound mind.

We have related merely the trend of counsel's testimony. It was followed by a vigorous onslaught by plaintiff's counsel, and a meeting in the absence of the jury in the judge's chambers. It is unnecessary to give or attempt to give all the details of these interviews and objections, but the conduct of the counsel was actively condemned by counsel for plaintiff. In part, Gross said:

"I was a lawyer for the defendant in this cause just a moment before I got on the stand to testify. I made objections, examined and cross-examined witnesses for the defendant." It is true that the plaintiff was not altogether without blame in making a statement before the jury that Gross' testimony had been "kicked out," yet it does not excuse the conduct of defendant's counsel in appearing as a witness. Plaintiff's motion for a mistrial was overruled.

The controversy under this branch of the case was extensive, and eventually, before submission to the jury, defendant withdrew the testimony of E. L. Gross. The situation which we have merely outlined was a serious one. There was a cross fire of motions and argument over the question of the attorney acting as a witness.

Plaintiff cites various cases in support of his objection. Among them, McCormick v. McCormick, 150 Neb. 192, 33 N. W. 2d 543; Cox v. Kee, 107 Neb. 587, 186 N. W. 974, citing cases; Dudley v. Wilson, 152 Fla. 752, 13 So. 2d 145, to the effect that an attorney as a witness should withdraw from the prosecution

or defense; also, Ontjes v. MacNider, 234 Iowa 208, 223, 12 N. W. 2d 284, 292, in which the court says: "Except in a case of merely formal testimony or in an extreme case where, through surprise, the urgency of the client's interests demands such conduct, the practice has been sharply criticized." See also Sebree v. Smith, 2 (Hasb.) Idaho 359, 16 P. 915; Onstott v. Edel, 232 Ill. 201, 83 N. E. 806, 13 Ann. Cas. 28; annotations to Miller v. Urban, 123 Conn. 331, 195 A. 193, reported in 118 A. L. R. 951, 954:

"The overwhelming weight of authority supports the view that, although it is a grave breach of professional ethics for an attorney of a party to testify as to anything other than matters of a formal nature without withdrawing from the litigation, he is not incompetent so to testify, and his testimony is clearly admissible, if otherwise competent."

Such is the general rule, and the rule established in Iowa. See Hull v. Mitchell, 181 Iowa 51, 162 N. W. 235; Ross v. Ross, 140 Iowa 51, 117 N. W. 1105; Fletcher v. Ketcham, 160 Iowa 364, 141 N. W. 916; Alger v. Merritt, 16 Iowa 121.

Defendant cites various cases as to the competency of an attorney as a witness, but the general rule given above seems to hold that the witness is not per se incompetent, and many cases reiterate the rule as to withdrawal. This court has spoken frequently in severe language of such conduct, and there is no need for repetition here, but we believe that this court so far has not held in any ruling that such conduct warrants a reversal or a granting of a new trial... We are forced to hold that under the circumstances of this case alone it would not warrant a reversal. The cause must be and is affirmed.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.