IN RE ESTATE OF I. A. GUINN.

No. 47797.

(Reported in 47 N.W.2d 243)

April 4, 1951.

Donald W. Harris, of Bloomfield, and W. B. Hays, of Centerville, for proponent-appellant.

George A. Milani, of Centerville, for contestant-appellee.

Hays, J.—This is will contest in which there was verdict and judgment for the contestant on the issue of mental incompetency of the testator, I. A. Guinn. Proponent has appealed. Three propositions are submitted as errors constituting grounds for a reversal: (1) Insufficiency of the evidence to warrant submission to the jury (2) error in the reception of opinions of mental condition by nonexpert witnesses, and (3) incorrect instructions.

I. A. Guinn died in July 1948 at the age of seventy-nine years. His wife died in 1944. Irene, the sole child of this union, together with her daughter, Maxine, and granddaughter, Jackcine, survive him. He is also survived by his brother, Isaac Guinn, the proponent. The will in question was executed December 29, 1947, and by its terms Irene, contestant, received "the sum of One Dollar ($1.00)", with the remainder going to the brother, Isaac, who is named executor without bond. A prior will, executed in 1946, gave Irene all of the personal property outright and a life estate in the balance, with remainder to Maxine and Jackcine, share and share alike.

Since the death of Irene's first husband in 1936 she and her daughter lived in the home of her parents. After the death of her mother she and her present husband continued to live in testator's home and care for him. The husband assisted in running the farm. In 1946, testator had a severe illness and had been frequently hospitalized since then. From the time of this illness he failed both physically and mentally. What had been a close relationship between him and Irene and her family became strained, and in 1947 he ordered them to leave the home. He failed to recognize Maxine at times and once struck her with his cane causing a severe cut on her head. He was forgetful, irritable, untidy in his personal appearance and conduct. During the time that Irene was living in the home it appears she gave him good care.

There were numerous nonexpert witnesses on each side as to the mental condition of the testator, with the usual sharp contradictions as to the related facts. In addition thereto, the contestant offered the testimony of two physicians, who had been attending testator for years. They both stated that he was afflicted with senile sclerosis and senile dementia, which was progressing with the years. They both gave it as their opinion that on the date the will was executed testator was of unsound mind. Upon cross-examination both said that he would probably know his family, and one stated he would probably know his property. The nonexpert witnesses, called by contestant, were members of the family and some neighbors. Those called by proponent were the two attorneys who witnessed the will, a banker, an insurance salesman, the assessor and some neighbors.

■    I.   As shown by the above brief statement of the facts, there was sharp dispute in the record as to the mental condition of testator. While a scintilla of evidence tending to show an unsound condition of the mind is not sufficient to warrant submission to the jury of this question, it is not required that the evidence be conclusive. The rule is well-established that if there is testimony which if believed would support a finding of an unsound mind it is a question for the jury. In re Estate of Sinift, 233 Iowa 800, 10 N.W.2d 550; In re Estate of Hadley, 241 Iowa 1280, 45 N.W.2d 140; In re Estate of Kirby, 241 Iowa 340, 41 N.W.2d 8. The record in this case clearly shows such a

conflict in the testimony as to warrant a submission to the jury as to testator's mental condition and we find no error under this assignment.

II. Appellant further contends that the court erred in the reception of opinion testimony from the nonexpert witnesses. It is based upon the insufficiency of the facts related by the witnesses and also the form of the interrogatory in response to which the opinion was expressed.

Whether a nonexpert witness has related sufficient facts to warrant an expression of an opinion by him is very much a question in the sound judicial discretion of the trial court and will only be disturbed where there appears to have been an abuse thereof. As was stated in Ipsen v. Ruess, 239 Iowa 1376, 35 N.W.2d 82, the facts related need not be conclusive as to mental incompetency. If they are somewhat inconsistent with mental soundness and furnish some support for the opinion given, this is all that is required to make the opinion admissible. Contestant called seven nonexpert witnesses, who were allowed to express an opinion that testator was of unsound mind. We have reviewed the record as to each, and with the exception of witness Bogle their testimony is sufficient to warrant an expression of opinion. As to Bogle, there is nothing in his testimony that in any way is inconsistent with a normal mind, and the admission of his opinion was error.

As to the objection to the form of the interrogatory, four of the witnesses were asked substantially the following question: "Now I want to ask you whether you say on December 29, 1947, Ira Guinn was of sound or unsound mind"? The objection interposed was that the same was incompetent and immaterial, the witness not qualified and incompetent. Appellee asserts that this objection is too indefinite to raise any question here. While it might have been more specific, still we think it sufficiently apprised the court as to what was intended. International Harvester Co. v. Chicago, M. & St. P. Ry. Co., 186 Iowa 86, 172 N.W. 471; Lende v. Ferguson, 237 Iowa 738, 23 N.W.2d 824. The question asked was clearly improper.

The rule is well-established that the opinion of nonexpert witnesses as to mental incapacity must be confined to and based upon the facts to which the witness has testified. The

question here asked contained no restrictions and allowed an expression of an opinion upon facts not presented to the jury. This clearly constitutes prejudicial error. Neidermyer v. Neidermyer, 237 Iowa 685, 22 N.W.2d 346; Storbeck v. Fridley, 240 Iowa 879, 38 N.W.2d 163; Olson v. Olson, 242 Iowa 192, 46 N.W.2d 1.

██ ██ III. Appellant excepts to instructions Nos. 4, 6 and 15. In instruction No. 4 the court told the jury that if it was shown by a preponderance of the evidence that testator was suffering from a mental disease of a progressive nature amounting to unsoundness of mind the burden shifts to the proponent to show by the greater weight of the evidence that the will was executed at a time when testator understood the nature of his act. It is claimed that this placed an undue burden upon him, and with this we agree. We have said many times in this type of a case that the burden of proof never shifts throughout the trial. If a satisfactory showing is made that the disease of mind is of a progressive nature the burden of proof does not shift but a presumption arises that said condition continues, and the duty of going forward with the evidence to overcome this presumption shifts to the proponent. In re Estate of Meyer, 240 Iowa 1226, 37 N.W.2d 265; In re Will of Behrend, 227 Iowa 1099, 290 N.W. 78; In re Estate of Klein, 241 Iowa 1103, 42 N.W.2d 593. The giving of this instruction was error and placed an undue burden upon the proponent.

We have examined instructions Nos. 6 and 15, and, while the language used might have been somewhat different, we do not find error resulting therefrom.

For the reasons above set forth the judgment of the trial court should be and is reversed.—Reversed and remanded.

All JUSTICES concur except MANTZ, J., not sitting.