IN RE ESTATE OF MARY FLIDER, DECEASED.
WILLARD HANNA ET AL., APPELLEES, V. DARLENE R.
WARNICK, APPELLANT.

328 N.W.2d 197

Filed December 23, 1982.   No. 81-618.

Richard T. Halbert, for appellant.

Thomas L. Morrissey, for appellees.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

This is an appeal in a will contest involving the will of Mary Flider, deceased.   The will, which was executed February 11, 1977, was admitted to probate

in the county court. Upon appeal to the District Court the will was denied probate.

The proponent, Darlene R. Warnick, was a niece of the deceased and is the personal representative and sole beneficiary named in the will. She has appealed.

The contestants, Willard Hanna and Lorene M. Herman, are heirs of the testatrix. They alleged that the will had not been executed as required by law, that the testatrix lacked testamentary capacity, and that the will was the result of undue influence.

Attached to the will was an acknowledgment signed by the testatrix and the witnesses, which complied with Neb. Rev. Stat. § 30-2329 (Reissue 1979). This constituted the will a "self-proved will." See *In re Estate of Camin,* 212 Neb. 490, 323 N.W.2d 827 (1982). At the trial the attorney who prepared the will testified on behalf of the proponent regarding the formalities of the signing and witnessing of the will. The contestants produced no evidence challenging either the signatures or the witnessing of the will. The proponent's motion for a directed verdict on the issue of due execution was overruled and the issue of due execution was submitted to the jury.

The proponent assigns as error the trial court's overruling of her motion for directed verdict on the issue of execution. The proponent contends that where the will is self-proved, a conclusive presumption arises that signature requirements have been met. The contestants argue that proof of due execution also requires proof of testamentary capacity, an issue upon which there was conflicting evidence.

Neb. Rev. Stat. § 30-2430(b) (Reissue 1979) prescribes the effect to be given a self-proved will: "If the will is self-proved, compliance with signature requirements for execution is conclusively presumed and other requirements of execution are presumed subject to rebuttal without the testimony of any wit-

ness upon filing the will and the acknowledgment and affidavits annexed or attached thereto, unless there is proof of fraud or forgery affecting the acknowledgment or affidavit."

The comment to the section states that the conclusive presumption applies to such question as whether the witnesses signed in the presence of the testator. It does not preclude proof of lack of testamentary capacity or undue influence.

The purpose of the self-proved provision of the statute is to expedite formal testacy proceedings. A self-proved will may not be contested in regard to signature requirements. *Matter of Estate of Mackaben*, 126 Ariz. 599, 617 P.2d 765 (1980). However, the formal requisites for execution of the will must appear, either preceding the self-proving affidavit or as supplemental in the affidavit. In the absence of proof that the formalities required by the statute were not complied with, the presumption of due execution raised by the acknowledgment is conclusive. See *In the Matter of Sample*, 175 Mont. 93, 572 P.2d 1232 (1977).

Neb. Rev. Stat. § 30-2327 (Reissue 1979) defines "execution" as follows: "Except as provided for holographic wills, writings within section 30-2338, and wills within section 30-2331, every will is required to be in writing signed by the testator or in the testator's name by some other individual in the testator's presence and by his direction, and is required to be signed by at least two individuals each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will." Under the statute, testamentary capacity is not a component of due execution.

Due execution means compliance with the formalities required by the statute in order to make the instrument the will of the testatrix. The presence of an attestation clause which recites the facts necessary to the validity of a will raises a presumption of due execution. *In re Estate of Kaiser*, 150 Neb. 295, 34 N.W.2d 366 (1948).

Upon the record in this case the proponent was entitled to a directed verdict on the issue of execution. The will being self-proved, and there being no proof of fraud or forgery, a conclusive presumption was raised as to signature requirements, that is, the formalities described in § 30-2327. The jury was not free to find against the proponent on the issue of execution.

The giving of an incorrect instruction which may have affected the result unfavorably to the party complaining constitutes reversible error. *Oban v. Bossard*, 201 Neb. 243, 267 N.W.2d 507 (1978). It was reversible error to submit to the jury an issue upon which no question of fact had been raised and which may have been the basis for the verdict. *Watters v. City of Omaha*, 86 Neb. 722, 126 N.W. 308 (1910); *Simcho v. Omaha & C. B. St. Ry. Co.*, 150 Neb. 634, 35 N.W.2d 501 (1949); *McCarty v. Morrow*, 173 Neb. 643, 114 N.W.2d 512 (1962); *Simet v. Sage*, 208 Neb. 13, 301 N.W.2d 600 (1981).

The proponent also assigns as error the refusal to admit into evidence a prior will of the testatrix. A will drawn and signed by her in 1972 was offered to show that she had a consistent scheme for the disposition of her property and did not lack testamentary capacity and was not subject to undue influence in making the later will. In the 1972 will the testatrix left all of her property to the proponent's parents. At the time the second will was made, the proponent's father was deceased and her incapacitated mother lived with the proponent.

A prior will is admissible in evidence, subject to the following rule: " ' "A prior will, executed when the testator's testamentary or mental capacity was and is unquestioned, and as to which the existence of undue influence is not charged, and which conforms substantially as to results produced to the instrument contested, may be considered as competent evidence for the purpose of refuting charges of undue influence or want of testamentary or mental capaci-

ty by showing that the testator (and grantor) had a constant and abiding scheme for the distribution of his property." ' *In re Estate of Bose*, 136 Neb. 156, 173-74, 285 N.W. 319, 329 (1939). See, also, *Blochowitz v. Blochowitz*, 122 Neb. 385, 240 N.W. 586 (1932); *In re Estate of Wahl*, 151 Neb. 812, 39 N.W.2d 783 (1949). An essential element of this rule was pointed out in an earlier sentence in *Bose* wherein we noted that prior wills, 'as to which there are no substantial claims of testamentary incapacity,' may also be considered in determining the question of testamentary capacity. *In re Estate of Bose, supra* at 170, 285 N.W. at 327." *In re Estate of Camin*, 212 Neb. 490, 503-04, 323 N.W.2d 827, 836 (1982).

The burden of proof is on the proponent to establish adequate foundation for the admission of a prior will in evidence. This includes proof of testamentary capacity at the time the prior will was executed. *In re Estate of Camin, supra.*

It is unnecessary to consider the other assignments of error.

The judgment of the District Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED
FOR A NEW TRIAL.