Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/02/2023 09:07 AM CDT

State of Nebraska, appellee, v.
Eric A. Ramirez, appellant.

___ N.W.2d ___

Filed June 2, 2023.    No. S-22-568.

1. **Appeal and Error.** Consideration of plain error occurs at the discretion of an appellate court.

2. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

3. **Judges: Words and Phrases.** A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.

4. **Sentences: Due Process: Appeal and Error.** Whether the district court's resentencing of a defendant following a successful appeal violates the defendant's due process rights presents a question of law.

5. **Constitutional Law: Sentences.** Whether a sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment presents a question of law.

6. **Judgments: Appeal and Error.** On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.

7. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

8. **Sentences.** In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the

offense and (8) the amount of violence involved in the commission of the crime.

9. ____. Where a defendant was under the age of 18 when he or she committed a Class IA felony, Neb. Rev. Stat. § 28-105.02 (Reissue 2016) dictates that the sentencing judge must also consider mitigating factors, such as the defendant's (1) age at the time of the offense, (2) impetuosity, (3) family and community environment, and (4) ability to appreciate risks and consequences of the conduct, as well as (5) the outcome of a comprehensive mental health evaluation of the defendant conducted by an adolescent mental health professional licensed in Nebraska.

10. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

Appeal from the District Court for Douglas County: Peter C. Bataillon, Judge. Affirmed.

Donald L. Schense, of Law Office of Donald L. Schense, for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ., and Lee, District Judge.

Cassel, J.

## INTRODUCTION

In 2008, when Eric A. Ramirez was 17 years old, he committed eight felony crimes, including two first degree murders and an attempted second degree murder. In 2014, we affirmed his convictions but vacated all of his sentences, and remanded the cause for resentencing.[1] The resentencing was dictated by a U.S. Supreme Court decision,[2] legislation

---

[1] See *State v. Ramirez*, 287 Neb. 356, 842 N.W.2d 694 (2014).

[2] See *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

responding to it,[3] and a mandatory consecutive sentencing statute.[4]

Ramirez now appeals his resentencing, asserting that the district court abused its discretion by imposing an excessive sentence that amounted to a "de facto life sentence." Because we disagree, we affirm.

## BACKGROUND

### Crimes

The facts and circumstances surrounding Ramirez' crimes are set out in greater detail in our decision resolving his first direct appeal.[5] On the night of November 12, 2008, when Ramirez was 17 years old, he was involved in three shootings that occurred at three separate locations in Omaha, Nebraska, within an hour of each other. The shootings resulted in the deaths of two people and injury to a third person. The State arrested Ramirez, Edgar Cervantes, and Juan E. Castaneda for the crimes. Cervantes later testified against Ramirez pursuant to a plea agreement and attested that it was Ramirez who had shot the three victims.

### Convictions and Sentences

In 2010, a jury convicted Ramirez of two counts of first degree murder, each a Class IA felony[6]; one count of attempted second degree murder, a Class II felony[7]; one count of attempted robbery, a Class III felony[8]; three counts of use of a deadly weapon (firearm) to commit a felony, each

---

[3] See, 2013 Neb. Laws, L.B. 44; Neb. Rev. Stat. § 28-105.02 (Reissue 2016) (post-*Miller* penalty provisions for Class IA felonies committed by persons under 18 years of age).

[4] See Neb. Rev. Stat. § 28-1205(3) (Reissue 2016) (sentences for weapon convictions to run consecutively with all other sentences).

[5] See *State v. Ramirez, supra* note 1.

[6] See Neb. Rev. Stat. § 28-303 (Reissue 2008).

[7] See Neb. Rev. Stat. §§ 28-201 (Reissue 2008) and 28-304 (Reissue 2016).

[8] See § 28-201 and Neb. Rev. Stat. § 28-324 (Reissue 2016).

a Class II felony[9]; and one count of criminal conspiracy, a Class II felony.[10]

The court sentenced Ramirez to mandatory life imprisonment for each first degree murder conviction, to 12 to 20 years' imprisonment for the attempted second degree murder conviction, and to 12 to 15 years' imprisonment for each remaining conviction. The sentences for the weapon convictions were to run consecutively only to the sentence for the underlying felony conviction. All other sentences were ordered to run concurrently.

## Direct Appeal

On direct appeal, we affirmed Ramirez' convictions but vacated all of his sentences.[11] While the appeal was pending, the U.S. Supreme Court decided *Miller v. Alabama*,[12] holding that it is unconstitutional to sentence a juvenile convicted of a homicide to mandatory life imprisonment without the possibility of parole. Accordingly, we vacated Ramirez' mandatory life sentences for first degree murder. We vacated his other sentences upon finding the district court committed plain error by ordering his sentences for the weapon convictions to run concurrently with each other and with other sentences, instead of consecutively to all other sentences as required by law.[13] We remanded the cause for resentencing.

## Resentencing Evidence

In 2022, the district court, sitting with a different district judge, held a hearing on Ramirez' resentencing. We summarize the evidence considered by the court in determining the appropriate sentences.

---

[9] See § 28-1205.

[10] See Neb. Rev. Stat. § 28-202 (Reissue 2008).

[11] *State v. Ramirez, supra* note 1.

[12] *Miller v. Alabama, supra* note 2.

[13] See § 28-1205(3).

At the outset of the hearing, the court acknowledged receipt of Ramirez' presentence investigation report (PSR) and numerous letters from the victims' families. Although the State asked that the letters be included as part of the PSR, they are not included in our record. Neither party raises an objection to their absence.

The PSR was completed prior to Ramirez' sentencing in 2010. It included, in part, the following information:
• the police reports of the crimes;
• Ramirez' age at the time of his crimes;
• Ramirez' prior criminal history of possession of marijuana and obstructing the administration of the law, as well as various untried charges dating back to 2003, and a weapon concealment charge from June 2008 with an unknown disposition;
• Ramirez' educational records from seventh to ninth grades, which showed disciplinary reports and suspensions for "gang related activity" and "gang type of behaviors";
• Ramirez' score as a very high risk to reoffend on the "LS/CMI," a risk/needs assessment tool;
• Ramirez' record of having two misconduct reports during his incarceration leading up to sentencing; and
• Ramirez' probation officer's recommendation that the trial court impose "the maximum straight sentences allowed per statute."

Particularly relevant to this appeal, the court received as evidence a report completed by Kirk A.B. Newring, Ph.D., a psychologist who evaluated Ramirez shortly before his resentencing. In the report, Newring first reviewed the PSR. He then discussed Ramirez' initial assessment on November 9, 2020; Ramirez' clinical interview on December 2, 2021; and various testing and assessments completed in the course of his evaluation.

Newring's report set forth the following findings: Ramirez produced an IQ in the average range and demonstrated

academic abilities consistent with a high school graduate equivalent; Ramirez likely presented himself in an accurate manner without attempts to dissimulate testing; Ramirez was likely to respond to provocation verbally and was likely to have a higher baseline of emotional arousal; Ramirez had a high probability of having a substance use disorder; Ramirez acknowledged a history of antisocial behaviors and endorsed "indicators of social detachment, distrust or aloofness[,] and some intrusive/anxiety-related concerns"; Ramirez had elevated scores related to trauma in the areas of "Anxious Arousal, Insecure Attachment[,] and Impaired Self-Reference"; Ramirez demonstrated personality traits and behaviors characteristic of "possible psychopathy"; and Ramirez' risk assessment scores placed him "in the risk bin with the relatively highest rates of projected reoffense."

During the hearing, Ramirez' counsel argued that many of these criteria "coincide with the factors that we are to look at under [§] 28-105.02." Ramirez' counsel directed the court to a specific section of the report that set forth the relevant factors and then stated:

Within a reasonable degree of psychological certainty, the following summary is offered for . . . Ramirez[:]

(a) . . . Ramirez was 17 years, 2 months, and 3 days old at the time of the offense. He is now aged 30 years, 3 months.

(b) . . . Ramirez was certain[l]y an impetuous child and adolescent, with school records and juvenile justice records reflective of impulsive behavior. He struggled with distancing himself from gang behavior, and continued to show impulsive behaviors earlier in his incarceration.

(c) . . . Ramirez was admittedly gang-affiliated as an adolescent, and his PS[R] notes the difficulties he had in school when gang problems found him. . . . .

. . . .

(d) . . . Ramirez is better able to appreciate the nature
and consequences of his conduct now, relative to when he
was a teenager.

(e) . . . Ramirez is of average intelligence, and reports
fluency in English and Spanish.

Ramirez' counsel contended that the report showed Ramirez
fit "all of the criteria as to an adolescent youth" and requested
resentencing consistent with the sentences imposed upon
Ramirez' codefendant, Castaneda.[14]

Additionally, the court received evidence showing that
Ramirez had taken steps to improve himself while incarcer-
ated. In 2011, Ramirez obtained a diploma through the GED
program. In 2016, he obtained certificates for completing a
moral recognition therapy program and the "Inside Out Dad"
program. In 2017, he earned a certificate of completion for a
relationship and communication program. And finally, in 2020,
Ramirez obtained two certificates, one for completing an inde-
pendent learning program and the other for completing the
"Set Free Prison Ministries" program.

At the conclusion of the evidence and arguments, Ramirez
made a personal statement.

## DISTRICT COURT'S SENTENCING

Prior to imposing Ramirez' sentences, the district court
stated:

There's a number of factors the Court needs to look at
in making a decision as to what the appropriate sentence
is in this matter. I understand [Ramirez'] argument that he
should be treated the same as the other defendants, and
the Court understands that but the Court does not agree
with that.

---

[14] See *State v. Castaneda*, 295 Neb. 547, 889 N.W.2d 87 (2017) (affirming
aggregate term of 105 to 125 years' imprisonment imposed at resentencing
for identical charges).

In any type of conspiracy or felony murder cases such as this, some parties are more — more involved than others in what took place, and the Court has to take consideration of that because each person comes to the Court as an individual different than other parties. Sometimes it is appropriate, and in this case the Court finds it's not appropriate. However, the Court understands that at the time this took place . . . Ramirez was 17 years of age, just turned 17, he was 17 years, 2 months, and there's all kinds of scientific evidence as to the mind of a person at 17 years of age.

Then, "Based upon all of the factors this Court must consider, based upon the law[,] and weighing all the matters in this matter," the court pronounced Ramirez' sentences.

The court resentenced Ramirez to 40 to 60 years' imprisonment for each first degree murder conviction, to 12 to 20 years' imprisonment for the attempted second degree murder conviction, and to 12 to 15 years' imprisonment for each remaining conviction. It ordered the sentences to run consecutively to each other, except for Ramirez' sentences for attempted second degree murder and criminal conspiracy, which it ordered to run concurrently with all other sentences. It noted that the total combined sentence was 128 to 180 years' imprisonment and gave Ramirez credit for 4,972 days served. It commented: "[T]hese sentences . . . are very difficult, but the crimes [Ramirez] committed are outrageous. They're tragedies."

Ramirez filed a timely appeal, which was placed on our docket because of the prior appeal.

## ASSIGNMENTS OF ERROR

Ramirez assigns, rephrased, that the district court abused its discretion in imposing (1) an excessive aggregate sentence and (2) a "de facto life sentence" in violation of his due process and Eighth Amendment rights.

[1] The State, at oral argument, backed away from its assertion in its brief that the district court committed plain error. Consideration of plain error occurs at the discretion of an appellate court.[15] We agree and exercise the discretion to not address that argument.

## STANDARD OF REVIEW

[2,3] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[16] A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.[17]

[4-6] Whether the district court's resentencing of a defendant following a successful appeal violates the defendant's due process rights presents a question of law.[18] Similarly, whether a sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment presents a question of law.[19] On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[20]

## ANALYSIS

### Excessive Aggregate Sentence

Ramirez first contends that the district court abused its discretion in imposing an excessive aggregate sentence. He does not suggest that the court imposed sentences outside the permissible statutory ranges. Rather, he asserts that the

---

[15] *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022).

[16] *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023).

[17] *State v. Ali*, 312 Neb. 975, 981 N.W.2d 821 (2022).

[18] *State v. Castaneda, supra* note 14.

[19] *State v. Becker*, 304 Neb. 693, 936 N.W.2d 505 (2019).

[20] *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023).

court abused its discretion in imposing his aggregate sentence of 128 to 180 years' imprisonment.

Before addressing Ramirez' specific arguments, we restate his convictions and the sentences imposed upon him at resentencing:

| Conviction | Term of Imprisonment |
|---|---|
| Count I: First degree murder | 40 to 60 years |
| Count II: Use of deadly weapon (firearm) to commit felony | 12 to 15 years |
| Count III: First degree murder | 40 to 60 years |
| Count IV: Use of deadly weapon (firearm) to commit felony | 12 to 15 years |
| Count V: Attempted second degree murder | 12 to 20 years |
| Count VI: Attempted robbery | 12 to 15 years |
| Count VII: Use of deadly weapon (firearm) to commit felony | 12 to 15 years |
| Count VIII: Criminal conspiracy | 12 to 15 years |

Ramirez' aggregate sentence reflects the consecutive terms of imprisonment imposed for counts I, II, III, IV, VI, and VII. Counts V and VIII were ordered to run concurrently with all other sentences.

[7] Because it is undisputed that Ramirez' sentences fall within the statutory limits, the question is whether the district court abused its discretion in the sentences it imposed upon him. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[21]

---

[21] *State v. Hines, supra* note 16.

[8,9] In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.[22] Where a defendant was under the age of 18 when he or she committed a Class IA felony, § 28-105.02 dictates that the sentencing judge must also consider mitigating factors, such as the defendant's (1) age at the time of the offense, (2) impetuosity, (3) family and community environment, and (4) ability to appreciate risks and consequences of the conduct, as well as (5) the outcome of a comprehensive mental health evaluation of the defendant conducted by an adolescent mental health professional licensed in Nebraska.[23]

In the first of Ramirez' two primary arguments, he asserts that he received an excessive aggregate sentence because the district court failed to adequately consider the relevant mitigating factors. Specifically, he alleges that the court erred in not giving adequate consideration to his remorse, background, and family. We are not persuaded.

There is no evidence that the district court failed to consider the relevant mitigating factors. The court held a full evidentiary hearing prior to resentencing Ramirez and gave him an opportunity to present mitigating evidence. The record shows that the court read and reviewed the evidence Ramirez presented. Moreover, the court explicitly stated that it weighed all of the evidence and pronounced Ramirez' sentences based upon the relevant factors.

To the extent Ramirez argues that the court erred in not making specific factual findings, the State correctly points out that the court was not required to do so. In State

[22] *State v. Estrada Comacho*, 309 Neb. 494, 960 N.W.2d 739 (2021).

[23] *State v. Thieszen*, 300 Neb. 112, 912 N.W.2d 696 (2018).

v. Mantich,[24] we rejected a similar argument made by a juvenile offender. We held that there is no language in Miller, nor anything more generally in our case law or in § 28-105.02, that would require specific factfinding at sentencing. Our subsequent cases have adhered to that holding,[25] which is consistent with our longstanding precedent.[26] And in Jones v. Mississippi,[27] the U.S. Supreme Court rejected a similar argument. We conclude that this argument lacks merit.

Ramirez next asserts that the district court tailored his sentences only to his crimes, rather than to him as an individual.[28] We disagree.

The record shows that the court made an individualized sentencing decision. During the resentencing hearing, the court explicitly declined to resentence Ramirez consistent with the sentences imposed upon his codefendant, Castaneda. It reasoned that in cases involving conspiracy or felony murder, some parties are "more involved than others in what took place." It stated that "the Court has to take consideration of that because *each person comes to the Court as an individual different than other parties*." (Emphasis supplied.) This is important.

[10] The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's

---

[24] *State v. Mantich*, 295 Neb. 407, 888 N.W.2d 376 (2016).

[25] See, *State v. Jackson*, 297 Neb. 22, 899 N.W.2d 215 (2017); *State v. Nollen*, 296 Neb. 94, 892 N.W.2d 81 (2017).

[26] See, e.g., *State v. Hunt*, 214 Neb. 214, 333 N.W.2d 405 (1983) (no requirement of specific factual findings when sentencing juvenile offender). See, also, *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019) (rejecting notion that trial court does not adequately consider sentencing factors when it does not discuss each factor during sentencing hearing or in sentencing order).

[27] *Jones v. Mississippi*, ___ U.S. ___, 141 S. Ct. 1307, 209 L. Ed. 2d 390 (2021).

[28] See *State v. Harrison*, 255 Neb. 990, 1005, 588 N.W.2d 556, 565 (1999) ("a sentence should fit the offender and not merely the crime").

observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[29] Upon our review of the record, we are satisfied that the court resentenced Ramirez based upon his involvement in the crimes and having considered the facts and circumstances surrounding his life.

Having determined that the district court considered the appropriate factors and made an individualized sentencing decision, we find no abuse of discretion in the sentences imposed.

### "De Facto Life Sentence"

Ramirez next contends that the district court abused its discretion by imposing a "de facto life sentence" in violation of his due process and Eighth Amendment rights. His appeal follows the argument made in a line of similar cases in recent years,[30] in which juvenile offenders have challenged their sentences by arguing that the sentences imposed amount to a "de facto life sentence" that is not permitted under the U.S. Supreme Court's decisions in *Miller*[31] or *Graham v. Florida*.[32] Because our prior cases set forth the legal background leading to the resentencing of juvenile offenders under *Miller* and *Graham*, we do not repeat it here.

We are cognizant that the Eighth Amendment forbids a state sentencing scheme that mandates life in prison without the possibility of parole for a juvenile offender convicted

---

[29] *State v. Estrada Comacho, supra* note 22.

[30] See, *State v. Steele*, 300 Neb. 617, 915 N.W.2d 560 (2018); *State v. Thieszen, supra* note 23; *State v. Russell*, 299 Neb. 483, 908 N.W.2d 669 (2018); *State v. Jones*, 297 Neb. 557, 900 N.W.2d 757 (2017); *State v. Nollen, supra* note 25; *State v. Smith*, 295 Neb. 957, 892 N.W.2d 52 (2017); *State v. Castaneda, supra* note 14; *State v. Garza*, 295 Neb. 434, 888 N.W.2d 526 (2016); *State v. Mantich, supra* note 24.

[31] *Miller v. Alabama, supra* note 2.

[32] *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010).

of homicide.[33] Here, Ramirez was not sentenced to life imprisonment without parole, but to imprisonment for a term of years that allows for parole eligibility.

Ramirez relies upon an Iowa case[34] in arguing that his lengthy term-of-years sentence amounts to a de facto sentence of life imprisonment. We have rejected that case's reasoning,[35] and we decline to revisit that conclusion here. Moreover, we read the U.S. Supreme Court's decision in *Jones v. Mississippi* to confirm our reasoning.[36] Having reviewed the record in its entirety, we conclude that Ramirez was sentenced in accordance with § 28-105.02 and *Miller*.

## CONCLUSION

We find no merit to Ramirez' contentions on appeal that the district court imposed an excessive aggregate sentence or an unlawful "de facto life sentence." Because the district court did not abuse its discretion in resentencing Ramirez, we affirm the judgment.

AFFIRMED.

FREUDENBERG, J., not participating.

---

[33] *State v. Jones, supra* note 30.

[34] See *State v. Null*, 836 N.W.2d 41 (Iowa 2013).

[35] See *State v. Cardeilhac*, 293 Neb. 200, 876 N.W.2d 876 (2016). See, also, *State v. Becker, supra* note 19 (Eighth Amendment analysis applied to individual sentences).

[36] *Jones v. Mississippi, supra* note 27.