Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/01/2023 09:08 AM CST

IN RE ESTATE OF RITA A. WALKER, DECEASED.
MARK E. WALKER, APPELLANT, V.
MICHAEL J. WALKER, APPELLEE.

___ N.W.2d ___

Filed December 1, 2023.    No. S-22-979.

1. **Guardians and Conservators: Judgments: Appeal and Error.** Appeals of matters arising under the Nebraska Probate Code are reviewed for error on the record. When reviewing a judgment for errors on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

2. **Decedents' Estates: Appeal and Error.** An appellate court, in reviewing a probate court judgment for errors appearing on the record, will not substitute its factual findings for those of the probate court where competent evidence supports those findings.

3. **Wills.** A prior will, executed when the testator's testamentary or mental capacity was and is unquestioned, and as to which the existence of undue influence is not charged, and which conforms substantially as to the results produced to the instrument contested, may be considered as competent evidence for the purpose of refuting charges of undue influence or want of testamentary or mental capacity by showing that the testator had a constant and abiding scheme for the distribution of his or her property.

4. **Rules of Evidence: Hearsay: Appeal and Error.** Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds.

5. **Appeal and Error.** In a de novo review, an appellate court reaches a conclusion independent of the trial court.

6. **Hearsay: Words and Phrases.** Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

7. **Rules of Evidence: Hearsay: Words and Phrases.** A "statement," for purposes of the Nebraska Evidence Rules, is an oral or written assertion or nonverbal conduct of a person, if it is intended by him or her as an assertion.

8. **Hearsay.** An out-of-court statement is not hearsay if the proponent offers it for a purpose other than proving the truth of the matter asserted.

9. **Rules of Evidence: Hearsay: Intent.** A statement of the declarant's then-existing state of mind, such as intent, is excluded from the hearsay rule.

10. **Rules of Evidence: Appeal and Error.** Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion.

11. **Judges: Words and Phrases.** A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.

12. **Trial: Evidence.** Evidence that is irrelevant is inadmissible.

13. **Evidence.** Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

14. **Evidence: Proof.** The bar for establishing evidentiary relevance is not a high one and requires only the probative value of the evidence to be something more than nothing.

15. **Wills: Evidence.** Competent evidence of a testator's constant and abiding scheme for the distribution of his or her property is not limited to prior duly executed wills.

16. **Trial: Evidence: Appeal and Error.** In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.

17. **Evidence: Words and Phrases.** Competent evidence is evidence that is admissible and tends to establish a fact in issue.

18. **Trial: Evidence: Proof.** Where a party has shown that competent evidence exists to support his or her burden of proof, and competent evidence to the contrary has been produced, or different conclusions or inferences may reasonably be drawn from the evidence, it is then exclusively the province of the fact finder to determine the weight of the evidence and judge the credibility of witnesses.

19. **Wills: Proof.** When the validity of a will is contested, the proponent of the will has the burden of establishing prima facie proof of due execution, death, testamentary capacity, and venue, whereas contestants have the burden of establishing undue influence, fraud, duress, mistake, or revocation.

20. ____: ____. In a will contest, parties have the ultimate burden of persuasion as to matters with respect to which they have the initial burden of proof.

21. **Trial: Evidence: Presumptions.** In a bench trial, the court is presumed to have considered only competent and relevant evidence in making its decision.

22. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.

Appeal from the County Court for Douglas County: Stephanie S. Shearer, Judge. Reversed and remanded with directions.

Lisa M. Line, of Brodkey, Cuddigan, Peebles, Belmont & Line, L.L.P., for appellant.

David D. Begley, of Elder Law & Estate Planning of Nebraska, David D. Begley, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## I. INTRODUCTION

In this appeal from a successful will contest, the proponent of the proposed will contends that the court erred in excluding from evidence exhibit 7, which purported to be a prior will signed by the decedent, and finding the proposed will was the product of undue influence. We conclude that exhibit 7 was admissible under a hearsay exception and that it was relevant. And because its consideration may weigh on the court's determinations regarding testamentary capacity and undue influence, we reverse the court's order refusing to admit the proposed will to probate and remand the cause with directions.

## II. BACKGROUND

### 1. Probate Proceedings
### and Will Contest

On September 26, 2021, Rita A. Walker died at the age of 84. Thereafter, one of her sons, Mark E. Walker, filed a petition in county court for formal probate of a will purportedly executed by Rita on September 15, 2021 (the proposed will). Mark is the proposed will's only proponent.

As relevant here, the proposed will named Mark as the sole beneficiary and personal representative of Rita's estate. It omitted her three other sons, Michael J. Walker, Stephen W. Walker, and Richard A. Walker. Michael is the proposed will's opponent.

Michael objected to the probate of the proposed will, alleging, in pertinent part, that (1) Rita lacked testamentary capacity as of September 15, 2021, which was 11 days prior to her death, and (2) the proposed will was the product of undue influence.

### 2. Bench Trial

The county court held a bench trial on Mark's petition for formal probate of the proposed will, during which it received evidence from both parties. The evidence included the testimony of Rita's four sons; a family friend and notary, who was present when Rita signed the proposed will; and a nurse from a rehabilitation facility. The court also received various exhibits. In light of Michael's objections, the evidence substantially related to Rita's purported lack of testamentary capacity at the time of the proposed will's execution and his claim of undue influence.

The court excluded from evidence a typed document offered by Mark as exhibit 7, which purported to be a prior will signed by Rita in February 2016. We will discuss exhibit 7 in more detail later in the opinion.

### 3. County Court's Order

Following the bench trial, the county court entered an order concluding that the proposed will was validly executed, but refusing to admit it to probate because, the court found, (1) Mark failed to meet his burden to prove Rita's testamentary capacity at the time of execution and (2) the proposed will was the product of undue influence. The order did not specifically address exhibit 7.

Based on its findings of lack of testamentary capacity and the existence of undue influence, the court ordered the case to proceed intestate and appointed Michael as personal representative.

### 4. Motion for New Trial or to Alter and Amend Order

Mark filed a motion for new trial or, in the alternative, to alter and amend the order. Following a hearing, the court entered an order "den[ying]" the motion. In pertinent part, it rejected Mark's argument that the court erred in not admitting exhibit 7 into evidence at trial. We will discuss the court's reasoning in more detail in our analysis.

Mark filed a timely appeal, which we moved to our docket.[1]

## III. ASSIGNMENTS OF ERROR

Mark assigns, reordered, that the county court erred in (1) determining that exhibit 7 was inadmissible hearsay, (2) determining that exhibit 7 was not relevant and therefore inadmissible, and (3) determining that the proposed will was void due to undue influence and ordering the estate to proceed in intestacy with Michael as personal representative.

## IV. STANDARD OF REVIEW

[1,2] Appeals of matters arising under the Nebraska Probate Code are reviewed for error on the record. When reviewing a judgment for errors on the record, the inquiry is whether the

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022).

decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[2] An appellate court, in reviewing a probate court judgment for errors appearing on the record, will not substitute its factual findings for those of the probate court where competent evidence supports those findings.[3]

Additional standards of review will be set forth, as appropriate, in the analysis.

## V. ANALYSIS

### 1. Admissibility of Exhibit 7

Two of Mark's assignments of error challenge the county court's conclusion that exhibit 7 was inadmissible. Specifically, he asserts that the court erred in determining that exhibit 7 was inadmissible hearsay and irrelevant.

[3] The questions regarding exhibit 7 revolve around a proposition long stated in our cases. A prior will, executed when the testator's testamentary or mental capacity was and is unquestioned, and as to which the existence of undue influence is not charged, and which conforms substantially as to the results produced to the instrument contested, may be considered as competent evidence for the purpose of refuting charges of undue influence or want of testamentary or mental capacity by showing that the testator had a constant and abiding scheme for the distribution of his or her property.[4]

Different standards of review apply to the hearsay and relevance determinations, and the relevant proceedings differ slightly. We will address Mark's hearsay argument first,

---

[2] *In re Estate of Larson*, 311 Neb. 352, 972 N.W.2d 891 (2022).

[3] *In re Estate of Mecello*, 262 Neb. 493, 633 N.W.2d 892 (2001).

[4] *In re Estate of Clinger*, 292 Neb. 237, 872 N.W.2d 37 (2015); *In re Estate of Flider*, 213 Neb. 153, 328 N.W.2d 197 (1982); *In re Estate of Camin*, 212 Neb. 490, 323 N.W.2d 827 (1982). See, *In re Estate of Bose*, 136 Neb. 156, 285 N.W. 319 (1939); *Blochowitz v. Blochowitz*, 122 Neb. 385, 240 N.W. 586 (1932). See, also, *Pruss v. Pruss*, 245 Neb. 521, 514 N.W.2d 335 (1994).

followed by his relevance argument. But before addressing Mark's specific arguments, we discuss exhibit 7.

### (a) Additional Facts

Exhibit 7 was a typed document that purported to be a prior will signed by Rita on February 22, 2016. It consisted of six pages and had the title "Last Will and Testament of Rita Ann Walker." Similar to the proposed will, exhibit 7 named Mark as the sole beneficiary and "Independent Executor" of Rita's estate. Thus, it generally provided for the same disposition as the proposed will. The signatures of Rita and a notary appeared on the third page of exhibit 7. It did not contain the signatures of any other witnesses.

At trial, Michael objected to exhibit 7's relevance. Mark responded that the exhibit was relevant to Rita's "intent" and "mindset" and to Michael's claim of undue influence. The following exchange took place on the record:

[Michael's counsel:] Objection, Your Honor. Relevancy [a]nd, well, . . . there's only one witness, so . . . it's a meaningless document.

THE COURT: With regard to the relevance?

[Mark's counsel:] The relevance, well, in 2016, there was [a] promissory note taken out. And, as it does appear that there was a document entitled Last Will and Testament that was also signed by the descendant [sic], I think . . . the question is, historically, if terms are similar, it buttresses what the current document shows. It doesn't say that that is a will, but it does go to intent, it goes to the mindset of the mother, and whether or not she was . . . subject to undue influence in the last 11 days of her life.

THE COURT: [Michael's counsel], response?

[Michael's counsel:] Well, . . . I just reiterate, Judge, that it's . . . a completely meaningless document. . . . [W]e don't have [the notary who signed exhibit 7] here. . . . [T]his is just too far afield.

THE COURT: . . . Okay. Well, at this time, the objection will be sustained. And I guess I'll add, for the record, that the Court finds a hearsay issue with the document. I didn't receive it, because it would be a prior statement essentially offered . . . for the proof of the matter asserted; and, in addition to the relevance objection by [Michael's counsel], the Court has concerns with the hearsay.

In other words, based on Michael's relevancy objection and the court's concerns about the "hearsay issue," the court refused to receive exhibit 7 as evidence.

Later, in his motion for new trial or to alter and amend the court's order, Mark challenged the exclusion of exhibit 7 from evidence at trial. In his motion, Mark specifically alleged that the court erred in "not admitting [e]xhibit 7 . . . into evidence over the hearsay objection as the document was offered to show consistency of the state of mind of the decedent and as such should be excepted pursuant to Neb.[ ]Rev.[ ]Stat. §[ ]27-803(3) [(Cum. Supp. 2022)]."

Following a hearing, the court entered an order "den[ying]" the motion. It reasoned, in part, that "the admission on Exhibit 7 does not assist the Court in determining if the proponent of the will meet[s] their burden in this matter."

### (b) Hearsay

#### (i) Standard of Review

[4,5] Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds.[5] In a de novo review, an appellate court reaches a conclusion independent of the trial court.[6]

---

[5] *Elbert v. Young*, 312 Neb. 58, 977 N.W.2d 892 (2022).

[6] *New Tek Mfg. v. Beehner*, 270 Neb. 264, 702 N.W.2d 336 (2005).

### (ii) Resolution

[6-8] We first address Mark's hearsay argument. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.[7] A "statement," for purposes of the Nebraska Evidence Rules, is an oral or written assertion or nonverbal conduct of a person, if it is intended by him or her as an assertion.[8] An out-of-court statement is not hearsay if the proponent offers it for a purpose other than proving the truth of the matter asserted.[9]

On appeal, the parties appear to agree that exhibit 7 was hearsay. However, Mark maintains that it was admissible because, he asserts, it satisfied the "state of mind" hearsay exception under Neb. Rev. Stat. § 27-803 (Cum. Supp. 2022). In support, he points to a case[10] reasoning that the state of mind exception applied to a testator's out-of-court statements regarding her intentions for the disposition of her property.

[9] To determine whether exhibit 7 was admissible under § 27-803, we begin with a review of the statute. Section 27-803 excludes from the hearsay rule:

> (3) A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Thus, a statement of the declarant's then-existing state of mind, such as intent, is excluded from the hearsay rule.[11]

---

[7] Neb. Rev. Stat. § 27-801(3) (Cum. Supp. 2022).

[8] § 27-801(1).

[9] *Elbert v. Young, supra* note 5.

[10] *In re Estate of Clinger, supra* note 4.

[11] See § 27-803(3).

To the extent that Michael now argues that the hearsay ruling was based upon exhibit 7's failure to comply with the requirements for execution and witnessing of a will, we observe that this argument would conflict with the plain language of the statute. Section 27-803(3) applies to a "statement," which, as defined by § 27-801(1), is (a) an oral or written assertion or (b) nonverbal conduct of a person, if it is intended by him or her as an assertion. This definition is not limited to a valid will.

Pursuant to our standard of review, we review de novo the court's ultimate determination to exclude exhibit 7 on hearsay grounds,[12] and we reach an independent conclusion that exhibit 7 was admissible under § 27-803(3). At trial, Mark offered exhibit 7 for the stated purpose of showing Rita's "intent" and "mindset," which fits squarely within this exception. Then, in his motion for new trial or to alter and amend the order, Mark made a similar argument that exhibit 7 was admissible to show "consistency of the state of mind of the decedent." We conclude that Mark's stated purposes for offering exhibit 7 excluded it from the hearsay rule, and therefore, the court erred in determining that it was inadmissible hearsay.

The next question is whether exhibit 7 was relevant.

### (c) Relevance

#### (i) Standard of Review

[10,11] Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion.[13] A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.[14]

---

[12] See *Elbert v. Young, supra* note 5.

[13] *Hernandez v. Dorantes*, 314 Neb. 905, 994 N.W.2d 46 (2023).

[14] *State v. Ramirez*, 314 Neb. 419, 990 N.W.2d 550 (2023).

### (ii) Resolution

We now turn to Mark's relevance argument. Mark contends that exhibit 7 was relevant to Rita's "intent" and "whether that intent was overwhelmingly changed by the influence of Mark."[15] He relies on a prior case,[16] which applied the proposition set forth above, that a prior will, in certain circumstances, may be considered as competent evidence for the purpose of refuting charges of undue influence or want of testamentary or mental capacity by showing that the testator had a constant and abiding scheme for the distribution of his or her property.

Michael argues that that proposition does not apply because, he asserts, our previous cases involved a "real will," rather than a "piece [of] paper signed by one notary."[17] In other words, he contends that the principle of the proposition applies only to a duly executed will and not to another instrument purporting to be dispositive in character. In support, Michael points to Neb. Rev. Stat. § 30-2327 (Reissue 2016), which provides:

> Except as provided for holographic wills,[18] writings within section 30-2338,[19] and wills within section 30-2331,[20] every will is required to be in writing signed by the testator or in the testator's name by some other individual in the testator's presence and by his direction, and is *required to be signed by at least two individuals*

---

[15] Brief for appellant at 19.

[16] *In re Estate of Camin, supra* note 4.

[17] Brief for appellee at 23 (citing *In re Estate of Clinger, supra* note 4; *Pruss v. Pruss, supra* note 4; and *In re Estate of Flider, supra* note 4).

[18] See Neb. Rev. Stat. § 30-2328 (Reissue 2016).

[19] Neb. Rev. Stat. § 30-2338 (Reissue 2016) (separate writing identifying bequest of tangible property that is referred to by will).

[20] Neb. Rev. Stat. § 30-2331 (Reissue 2016) (written will executed in compliance with § 30-2327 or § 30-2328 or law at time of execution of place where will is executed or of place where at time of execution or at time of death testator is domiciled, has place of abode, or is national).

> *each of whom witnessed either the signing or the testa-*
> *tor's acknowledgment of the signature or of the will.*

(Emphasis supplied.) Based on this language, Michael asserts that exhibit 7 had "no legal testamentary meaning"[21] and was therefore irrelevant.

We agree with Michael to the extent that he suggests exhibit 7 was not a duly executed will under § 30-2327. As noted above, exhibit 7 did not contain the signatures of two witnesses. But its failure to strictly comply with § 30-2327 does not necessarily mean that exhibit 7 was irrelevant.

[12-14] Basic principles are clear. Evidence that is irrelevant is inadmissible.[22] But evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[23] The bar for establishing evidentiary relevance is not a high one and requires only the probative value of the evidence to be something more than nothing.[24]

We conclude that exhibit 7 was relevant. Although it was not a duly executed will, our case law demonstrates that it was relevant evidence for the purpose of refuting charges of undue influence or want of testamentary or mental capacity because it had a tendency to show that Rita had a constant and abiding scheme for the distribution of her property.

Contrary to Michael's assertion, our cases have expressly applied our proposition regarding the admissibility of prior wills when considering the admissibility of other instruments.[25] Moreover, our cases recognize that other types of

---

[21] Brief for appellee at 24.

[22] Neb. Rev. Stat. § 27-402 (Reissue 2016); *Lindsay Internat. Sales & Serv. v. Wegener*, 301 Neb. 1, 917 N.W.2d 133 (2018).

[23] Neb. Rev. Stat. § 27-401 (Reissue 2016).

[24] *State v. Lorello*, 314 Neb. 385, 991 N.W.2d 11 (2023).

[25] See, e.g., *In re Estate of Bose, supra* note 4 (applying principle to warranty deed); *Blochowitz v. Blochowitz, supra* note 4 (applying principle to warranty deeds).

evidence may be relevant to a testator's intent for the distribution of his or her property.[26] Other jurisdictions have reached similar conclusions.[27]

[15] For clarification, we hold that competent evidence of a testator's constant and abiding scheme for the distribution of his or her property is not limited to prior duly executed wills. Because exhibit 7 was relevant for that precise purpose and thus admissible, we address in the next section whether the court's exclusion of it warrants reversal.

## 2. Exclusion of Exhibit 7

Having concluded that exhibit 7 was admissible, we must next consider whether the county court's exclusion of it was reversible error.

### (a) Standard of Review

[16] In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.[28]

[17,18] Competent evidence is evidence that is admissible and tends to establish a fact in issue.[29] Where a party has shown that competent evidence exists to support his or her

---

[26] See, e.g., *In re Estate of Clinger, supra* note 4 (video of execution of earlier will); *Jensen v. Priebe*, 163 Neb. 481, 80 N.W.2d 127 (1956) (writing of testator to lawyer); *In re Estate of Johnson*, 100 Neb. 791, 799, 161 N.W. 429, 432 (1917) (statement by testator "'that he had always wanted to give [his son] something'").

[27] See, e.g., *Matter of Estate of Gersbach*, 125 N.M. 269, 960 P.2d 811 (1998); *Bishop v. Kenny*, 266 Ga. 231, 466 S.E.2d 581 (1996); *Cale v. Napier*, 186 W. Va. 244, 412 S.E.2d 242 (1991); *Bennett v. Bennett*, 454 So. 2d 535 (Ala. 1984); *Perry v. Aldrich*, 196 So. 2d 521 (Miss. 1967); *In re Will of Franks*, 231 N.C. 252, 56 S.E.2d 668 (1949); *Legler et al. v. Legler*, 187 Or. 273, 211 P.2d 233 (1949); *Storbeck v. Fridley*, 240 Iowa 879, 38 N.W.2d 163 (1949); *Baker v. Spears*, 357 Mo. 601, 210 S.W.2d 13 (1948); *In re Estate of Osbon*, 205 Minn. 419, 286 N.W. 306 (1939); *Redford v. Booker*, 166 Va. 561, 185 S.E. 879 (1936).

[28] *Hernandez v. Dorantes, supra* note 13.

[29] *In re Application A-19594, ante* p. 311, 995 N.W.2d 655 (2023).

burden of proof, and competent evidence to the contrary has been produced, or different conclusions or inferences may reasonably be drawn from the evidence, it is then exclusively the province of the fact finder to determine the weight of the evidence and judge the credibility of witnesses.[30]

### (b) Additional Facts

Consistent with the county court's exclusion of exhibit 7, the court's initial order after the trial did not consider or refer to that evidence.

At this point, the county court's order overruling Mark's motion for new trial or to alter and amend its previous order becomes particularly important. As relevant here, it stated:

> Mark . . . alleges the Court erred in not admitting Exhibit 7. The court finds if it was error, that such error was harmless. Exhibit 7 is alleged to be a prior will of the decedent in this matter. It is signed but not witnessed or notarized. Exhibit 7 does not meet the statutory requirement of a valid will. Additionally, the admission on Exhibit 7 does not assist the Court in determining if the proponent of the will meet[s] their burden in this matter.
>
> The Court found the proponent of the Will failed to meet their burden regarding capacity of the testator. Additionally, the Court found by preponderance of the evidence that the testator was subject to undue influence, Mark . . . had the opportunity to exercise such influence on the Testator, there was a disposition to exercise such influence, and the result was clearly the effect of such influence.

### (c) Resolution

[19,20] When the validity of a will is contested, the proponent of the will has "'the burden of establishing prima

---

[30] See *Estate of Block v. Estate of Becker*, 313 Neb. 818, 986 N.W.2d 726 (2023).

facie proof of due execution, death, testamentary capacity, and venue,'" whereas contestants have "'the burden of establishing undue influence, fraud, duress, mistake[,] or revocation.'"[31] In a will contest, parties have the ultimate burden of persuasion as to matters with respect to which they have the initial burden of proof.[32] Thus, as relevant here, Mark had the burden of production and persuasion to prove Rita's testamentary capacity when she executed the proposed will and a burden of production to rebut Michael's claim of undue influence. Because Mark offered exhibit 7 as evidence to meet those burdens, we conclude that its exclusion unfairly prejudiced his substantial right and thus was reversible error.[33]

The language of the county court's order suggests that it believed exhibit 7 could not be considered as competent evidence for such purposes. The court seems to have reached that conclusion based on its implicit determinations that exhibit 7 was not a duly executed will under § 30-2327 and that it was irrelevant. Thus, the court's language does not demonstrate that it ever considered the weight of exhibit 7.

And the weight to be given to each piece of evidence is crucial under our standard of review. We have already concluded that despite its failure to comply with § 30-2327, exhibit 7 was competent evidence for the purpose of refuting charges of undue influence or want of testamentary or mental capacity because it had a tendency to show that Rita had a constant and abiding scheme for the distribution of her property. It follows that its failure to comply with § 30-2327 and other circumstances surrounding exhibit 7 did not affect its admissibility. Rather, the county court's role required it to determine the weight of such evidence regarding testamentary capacity and undue influence.

---

[31] *Bohling v. Bohling*, 309 Neb. 625, 636, 962 N.W.2d 224, 232 (2021) (quoting Neb. Rev. Stat. § 30-2431 (Reissue 2016)).

[32] See *In re Estate of Mecello, supra* note 3.

[33] See *Hernandez v. Dorantes, supra* note 13.

But that question turns upon the court's view of the facts. Because our standard of review gives considerable deference to the county court's factual findings, that court should assess in the first instance the facts underlying the sufficiency of the evidence—including exhibit 7—to establish testamentary capacity and rebut the claim of undue influence.

The court's passing reference to harmless error does not persuade us that it considered the weight, if any, to be given to exhibit 7. The statement was less than precise. "Harmless error" is a standard of review for the appellate courts.[34] We decline to read into the court's statement more than it said. We therefore find that the exclusion of exhibit 7 unfairly prejudiced Mark's substantial rights.

[21] Before concluding, we note that in a bench trial, our law favors admitting ultimately unpersuasive evidence. In a bench trial, the court is presumed to have considered only competent and relevant evidence in making its decision.[35] Here, the trial court might instead have admitted exhibit 7, and then chosen to give it little or no weight, thereby enabling us to apply that principle.

### 3. Undue Influence

[22] Mark's remaining assignment of error challenges the county court's determination that the proposed will was the product of undue influence. Because we have determined that the court's evidentiary ruling must be reversed and the cause must be remanded, we do not consider this assignment. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.[36]

---

[34] See *Worth v. Kolbeck*, 273 Neb. 163, 728 N.W.2d 282 (2007) (erroneous admission of evidence is harmless error and does not require reversal if evidence is cumulative and other relevant evidence, properly admitted, supports finding by trier of fact).

[35] *Noah's Ark Processors v. UniFirst Corp.*, 310 Neb. 896, 970 N.W.2d 72 (2022).

[36] *Brush & Co. v. W. O. Zangger & Son*, 314 Neb. 509, 991 N.W.2d 294 (2023).

We express no opinion regarding the weight, if any, that should be given on remand to exhibit 7 regarding testamentary capacity and undue influence.

## VI. CONCLUSION

Having reviewed this appeal for errors on the record, we conclude that the county court erred in determining that exhibit 7, which purported to be a prior will signed by the decedent, was inadmissible hearsay and irrelevant. But we cannot conclude from the record that the court examined the weight of exhibit 7 when making its determinations regarding testamentary capacity and undue influence. We therefore reverse the order refusing to admit the proposed will to probate and remand the cause to the county court with directions to reconsider the existing record, including exhibit 7, to determine whether the proponent met his burden of proving testamentary capacity and whether the contestant met his burden of proving undue influence. If upon remand the court concludes that the proponent did not meet his burden or that the contestant met his burden, it should reject the proposed will and order the case to proceed intestate. On the other hand, if the court concludes that the proponent satisfied his burden of proof and that the contestant did not, it should admit the proposed will to probate.

REVERSED AND REMANDED WITH DIRECTIONS.